UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| William Farrington,<br><br>    Plaintiff,<br><br>  v.<br><br>Lee Enterprises, Inc.,<br><br>    Defendant. | Case No:<br><br>**COMPLAINT**<br><br>**JURY TRIAL DEMAND** |

**COMPLAINT**

Plaintiff William Farrington ("*Plaintiff*"), by and through his undersigned counsel, for his Complaint against defendant Lee Enterprises, Inc. ("*Defendant*") states and alleges as follows:

**INTRODUCTION**

1. This action seeks to recover damages for copyright infringement under the Copyright Act, 17 U.S.C §101 *et seq*.

2. William Farrington *("Farrington")* created a photograph of District Attorney also known as Mary Carmack (the "*Photograph*") in which Plaintiff owns the rights and licenses for various uses including online and print publications.

3. Defendant owns and operates a website at buffalonews.com ( "*Website 1*").

4. Defendant owns and operates a website at dbrnews.com ("*Website 2*").

5. Defendant owns and operates a website at dothaneagle.com ( "*Website* 3").

6. Defendant owns and operates a website at fredericksburg.com ( "*Website 4*").

7. Defendant owns and operates a website at azdailysun.com ( "*Website 5*").

8. Defendant owns and operates a website at billingsgazette.com ( "*Website 6*").

9. Defendant owns and operates a website at bismarcktribune.com ( "*Website 7*").

10. Defendant owns and operates a website at greensboro.com ( "*Website 8*").

11. Defendant owns and operates a website at heraldcourier.com ( "*Website 9*").

12. Defendant owns and operates a website at journalnow.com ( "*Website 10*").

13. Defendant owns and operates a website at kenoshanews.com ( "*Website 11*").

14. Defendant owns and operates a website at lacrossetribune.com ( "*Website 12*").

15. Defendant owns and operates a website at newsadvance.com ( "*Website 13*").

16. Defendant owns and operates a website at oanow.com ( "*Website 14*").

17. Defendant owns and operates a website at omaha.com ( "*Website 15*").

18. Defendant owns and operates a website at poststar.com ( "*Website 16*").

19. Defendant owns and operates a website at pressofatlanticcity.com ( "*Website 17*").

20. Defendant owns and operates a website at qctimes.com ( "*Website 18*").

21. Defendant owns and operates a website at richmond.com ( "*Website 19*").

22. Defendant owns and operates a website at siouxcityjournal.com ( "*Website 20*").

23. Defendant owns and operates a website at starexponent.com ( "*Website 21*").

24. Defendant owns and operates a website at statesville.com ( "*Website 22*").

25. Defendant owns and operates a website at wacotrib.com ( "*Website 23*").

26. Defendant owns and operates a website at wiscnews.com ( "*Website 24*").

27. Defendant owns and operates a website at yorknewstimes.com ( "*Website 25*").

28. Defendant, without permission or authorization from Plaintiff, actively copied and displayed the Photograph on the Websites and engaged in this misconduct knowingly and in violation of the United States copyright laws.

## PARTIES

29. Plaintiff William Farrington is an individual who is a citizen of the State of New York and maintains a principal place of business in Kings County, New York.

30. Upon information and belief, defendant Lee Enterprises, Inc., is a Delaware corporation with a principal place of business at 540 Lansingville Road, Lansing in Tompkins County, New York.

## JURISDICTION AND VENUE

31. This Court has subject matter jurisdiction over the federal copyright infringement

claims pursuant to 28 U.S.C. §1338(a) and 28 U.S.C. §1331.

32. This Court has personal jurisdiction over Defendant because it maintains its principal place of business in New York.

33. This Court has personal jurisdiction over Lee Enterprises, Inc. under the applicable long-arm jurisdictional statute of Illinois because while Lee Enterprises, Inc. maintains its principal place of business in New York, it purposely directs substantial activities at the residents of Illinois by means of the Website and its publications.

34. Venue is proper under 28 U.S.C. §1391(b)(2) because Defendant does business in this Judicial District and/or because a substantial part of the events or omissions giving rise to the claim occurred in this Judicial District.

## FACTS COMMON TO ALL CLAIMS

A. **Plaintiff's Copyright Ownership**

35. Plaintiff is a professional photographer by trade who is the legal and rightful owner of certain photographs which Plaintiff commercially licenses.

36. Plaintiff has invested significant time and money in building Plaintiff's photograph portfolio.

37. Plaintiff has obtained active and valid copyright registrations from the United States Copyright Office (the "*USCO*") which cover many of Plaintiff's photographs while many others are the subject of pending copyright applications.

38. Plaintiff's photographs are original, creative works in which Plaintiff owns protectable copyright interests.

39. On October 27, 2021, Plaintiff first published the Photograph. A copy of the Photograph is attached hereto as Exhibit 1.

40. In creating the Photograph, Plaintiff personally selected the subject matter, timing, lighting, angle, perspective, depth, lens and camera equipment used to capture the image and made each and every artistic determination necessary for the creation of the work.

41. On December 7, 2021, the Photograph was registered by the USCO under

Registration No. VA 2-280-922.

42. Plaintiff created the Photograph with the intention of it being used commercially and for the purpose of display and/or public distribution.

**B.** **Defendant's Infringing Activity**

43. Defendant is the registered owner of the Websites and is responsible for its content.

44. Defendant is the operator of the Websites and is responsible for its content.

45. The Websites is a key component of Defendant's popular and lucrative commercial enterprise.

46. Upon information and belief, Defendant has not implemented adequate internal policies to verify copyright ownership before content use, indicating a gross negligence in legal compliance, which is essential for a company with Defendant's reach, capabilities, and level of sophistication.

47. Upon information and belief, Defendant's internal policies, if any, are either not designed to verify copyright ownership before content use or are systematically ignored, indicating a willful, recurring disregard for copyright compliance.

48. Defendant's failure to adopt or effectively enforce internal copyright policies, if any, indicates *de facto* willful infringements.

49. On or about November 21, 2021, Defendant displayed the Photograph on the Websites as part of on-line stories at URLs:

- https://buffalonews.com/video_4d4f79b1-74af-5a93-a386-f395688a0a68.html *("Infringement 1")* ;

- https://dbrnews.com/video_9a8a031a-6b00-5f6f-9e0e-a604054879d6.html *("Infringement 2");*

- https://dothaneagle.com/video_5fdf345e-eefa-595b-b030-f999e2ee157f.html *("Infringement 3");*

4

- https://fredericksburg.com/video_1116fe5f-9b1f-524b-90e7-cf38a63fd6d6.html *("Infringement 4")*;

- https://azdailysun.com/video_09e3454f-7146-582f-8cbd-589654b5576c.html *("Infringement 5")*;

- https://billingsgazette.com/entertainment/da-investigating-rust-shooting-says-she-knows-who-loaded-the-gun/video_4a8246a9-1ac0-5898-aa5c-8d711efaad58.html *("Infringement 6")*;

- https://bismarcktribune.com/video_c8c2c7b8-108a-5bb4-826f-7f040c296381.html *("Infringement 7")* ;

- https://greensboro.com/entertainment/da-investigating-rust-shooting-says-she-knows-who-loaded-the-gun/video_4d61b47e-caf2-5ff4-9706-934538a2f5a6.html *("Infringement 8))*;

- https://heraldcourier.com/video_10953bc1-81e9-51a6-8031-e1f0e188d34c.html *("Infringement 9")*;

- https://journalnow.com/entertainment/da-investigating-rust-shooting-says-she-knows-who-loaded-the-gun/video_84dc7298-e52b-54f6-b082-a1e8faf05be2.html *("Infringement 10")*;

- https://www.kenoshanews.com/entertainment/da-investigating-rust-shooting-says-she-knows-who-loaded-the-gun/video_df9ddfb5-066d-51d2-ba23-43c005d8a76f.html *("Infringement 11")*;

- https://lacrossetribune.com/video_ae800882-59cb-54f8-adc7-79c8b0d3993a.html *("Infringement 12")*;

- https://newsadvance.com/entertainment/da-investigating-rust-shooting-says-she-

knows-who-loaded-the-gun/video_56de25d6-a592-557a-a95f-6eece221aafa.html *("Infringement 13")*;

- https://oanow.com/video_9890bdba-2de5-5f92-a734-beb228e7c97f.html *("Infringement 14")*;

- https://omaha.com/entertainment/da-investigating-rust-shooting-says-she-knows-who-loaded-the-gun/video_04cc72e4-2cae-558a-b149-3701eeaef295.html *("Infringement 15")*;

- https://poststar.com/video_802f6e26-4909-5bea-889b-49cf6f450b3c.html *("Infringement 16")*;

- https://pressofatlanticcity.com/video_b97920db-4eec-572c-b044-0749f6f10847.html *("Infringement 17")*;

- https://qctimes.com/entertainment/da-investigating-rust-shooting-says-she-knows-who-loaded-the-gun/video_eca49ea3-8dbb-5cab-b615-7b6a8a3277bc.html *("Infringement 18")*;

- https://richmond.com/entertainment/da-investigating-rust-shooting-says-she-knows-who-loaded-the-gun/video_ce622b43-b8ef-58c7-a405-0ba1520f051c.html *("Infringement 19")*;

- https://siouxcityjournal.com/entertainment/da-investigating-rust-shooting-says-she-knows-who-loaded-the-gun/video_943a4f98-a3dd-5bbb-b0a0-18ce3beb5b7f.html *("Infringement 20")*;

- https://starexponent.com/entertainment/da-investigating-rust-shooting-says-she-knows-who-loaded-the-gun/video_1b93cf8a-1080-59d8-8b50-bdb14bb25b50.html *("Infringement 21")*;

- https://statesville.com/video_426ef4a7-61c2-53dc-ac97-d10caa309b06.html *("Infringement 22");*

- https://wacotrib.com/video_c61faec9-4693-5adb-95a1-3fa1aa2f3849.html *("Infringement 23");*

- https://www.wiscnews.com/video_4f220d1a-c0ce-5426-8837-d6025124b09c.html *("Infringement 24");* and

- https://yorknewstimes.com/video_97534379-3602-5e4d-b1e1-0c56a42d1e94.html *("Infringement 25").*

50. Without permission or authorization from Plaintiff, Defendant volitionally copied and displayed Plaintiff's copyright protected Photograph on the Websites.

51. Upon information and belief, the Photograph was copied and displayed by Defendant without license or permission, thereby infringing on Plaintiff's copyrights in and to the Photograph (hereinafter the unauthorized uses set forth above are referred to collectively as the "*Infringements*").

52. The Infringements includes a URL ("*Uniform Resource Locator*") for a fixed tangible medium of expression that was sufficiently permanent or stable to permit it to be communicated for a period of more than transitory duration and therefore constitutes a specific infringement.

53. Upon information and belief, Defendant takes an active and pervasive role in the content posted on its Websites, including, but not limited to copying, posting, selecting, commenting on and displaying images including but not limited to Plaintiff's Photograph.

54. Upon information and belief, the Photograph was willfully and volitionally posted to the Websites by Defendant.

55. Upon information and belief, the Infringements was not posted at the direction of a

"user", as that term is defined in 17 U.S.C. §512(c).

56. Upon information and belief, Defendant was aware of facts or circumstances from which the determination regarding the Infringements was apparent. Defendant cannot claim that it was not aware of the infringing activities, including the specific Infringements which form the basis of this complaint, since such a claim would amount to only willful blindness to the Infringements on the part of Defendant.

57. Upon information and belief, Defendant engaged in the Infringements knowingly and in violation of applicable United States copyright laws.

58. Upon information and belief, Defendant has the legal right and ability to control and limit the infringing activities on its Websites and exercised and/or had the right and ability to exercise such right.

59. Upon information and belief, Defendant monitors the content on its Websites

60. Upon information and belief, Defendant has received a financial benefit directly attributable to the Infringements.

61. Upon information and belief, the Infringements increased traffic to the Websites and, in turn, caused Defendant to realize an increase its business revenue.

62. Upon information and belief, a large number of people have viewed the unlawful copies of the Photograph on the Websites.

63. Upon information and belief, Defendant at all times had the ability to stop the reproduction and display of Plaintiff's copyrighted material.

64. Defendant's use of the Photograph harmed the actual market for the Photograph.

65. Defendant's use of the Photograph, if widespread, would harm Plaintiff's potential market for the Photograph.

66. On May 15, 2024, Plaintiff, via counsel, served a letter seeking to address the complaints contained herein concerning Defendant's infringements of Plaintiff's rights-protected work.

67. On August 23, 2024, Plaintiff, via counsel, served a second letter seeking to address

the complaints contained herein concerning Defendant's infringements of Plaintiff's rights-protected work.

68. Despite Plaintiff's efforts and willingness to address Defendant's infringing activity Defendant failed to respond and Plaintiff was forced to seek judicial intervention for Defendant's infringing activity.

69. As a result of Defendant's misconduct, Plaintiff has been substantially harmed.

## FIRST COUNT
*(Direct Copyright Infringement, 17 U.S.C. §501 et seq.)*

70. Plaintiff repeats and incorporates by reference the allegations contained in the preceding paragraphs, as though set forth in full herein.

71. The Photograph is an original, creative work in which Plaintiff owns a valid copyright.

72. The Photograph is properly registered with the USCO and Plaintiff has complied with all statutory formalities under the Copyright Act and under regulations published by the USCO.

73. Plaintiff has not granted Defendant a license or the right to use the Photograph in any manner, nor has Plaintiff assigned any of its exclusive rights in the copyright to Defendant.

74. Without permission or authorization from Plaintiff and in willful violation of Plaintiff's rights under 17 U.S.C. §106, Defendant improperly and illegally copied, reproduced, distributed, adapted, and/or publicly displayed works copyrighted by Plaintiff thereby violating one of Plaintiff's exclusive rights in its copyrights.

75. Defendant's reproduction of the Photograph and display of the Photograph constitutes willful copyright infringement.

76. Upon information and belief, Defendant willfully infringed upon Plaintiff's copyrighted Photograph in violation of Title 17 of the U.S. Code, in that Defendant used, published, communicated, posted, publicized, and otherwise held out to the public for commercial benefit, Plaintiff's original and unique Photograph without Plaintiff's consent or authority.

77. As a result of Defendant's violations of Title 17 of the U.S. Code, Plaintiff is entitled to an award of actual damages and disgorgement of all of Defendant's profits attributable to the infringements as provided by 17 U.S.C. § 504 in an amount to be proven or, in the alternative, at Plaintiff's election, an award for statutory damages against Defendant for each infringement pursuant to 17 U.S.C. § 504(c).

78. As a result of the Defendant's violations of Title 17 of the U.S. Code, the court in its discretion may allow the recovery of full costs as well as reasonable attorney's fees and costs pursuant to 17 U.S.C. § 505 from Defendant.

79. As a result of Defendant's violations of Title 17 of the U.S. Code, Plaintiff is entitled to injunctive relief to prevent or restrain infringement of Plaintiff's copyright pursuant to 17 U.S.C. § 502.

## JURY DEMAND

80. Plaintiff hereby demands a trial of this action by jury.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff respectfully requests that the Court enters a judgment finding that Defendant has infringed on Plaintiff's rights to the Photograph in violation of 17 U.S.C. §501 *et seq.* and therefore award damages and monetary relief as follows:

    a. finding that Defendant infringed Plaintiff's copyright interest in and to the Photograph by copying and displaying it without a license or consent;

    b. for an award of actual damages and disgorgement of all of Defendant's profits attributable to the infringements as provided by 17 U.S.C. § 504(b) in an amount to be proven or, in the alternative, at Plaintiff's election, an award for statutory damages against Defendant for each infringement pursuant to 17 U.S.C. § 504(c), whichever is larger;

    c. for an order pursuant to 17 U.S.C. § 502(a) enjoining Defendant from any infringing use of any of Plaintiff's works;

    d. for costs of litigation and reasonable attorney's fees against Defendant

    pursuant to 17 U.S.C. § 505

 e. for pre-judgment interest as permitted by law; and

 f. for any other relief the Court deems just and proper.

DATED: March 13, 2025

        **SANDERS LAW GROUP**

        By:  */s/ Craig Sanders*
        Craig Sanders, Esq.
        333 Earle Ovington Blvd, Suite 402
        Uniondale, NY 11553
        Tel: (516) 203-7600
        Email: csanders@sanderslaw.group
        File No.: 125115

        *Attorneys for Plaintiff*